Pearson, J.
 

 A mandamus to “ the j ustiees of a County ” issues against them as
 
 a body,
 
 and not as separate individuals ; so they must make “ a return” as a body. To this end, it is proper for the justices to convene, and a majority being present, as for the transaction of any other County business, to agree upon the facts which are to be sot out for their return. In this, as in other cases, a majority of those present will govern. They will then appoint some one of their body, who, as their agent, is to make the proper affidavit, and do all other acts and things which may become necessary in the course of the proceeding.
 

 This was the course pursued in
 
 Tucker
 
 v.
 
 The Justices of Iredell,
 
 1 Jones’Rep. 451, where the Court say, “Both the
 
 *182
 
 petition and return are well drawn for the purpose of putting the matter of controversy upon the merits, and may be used as forms,” and accordingly the Reporter sets out the petition and return at large.
 

 In that case issues were made up upon '‘the return,” and thereupon, the Court was enabled to decide the controversy. In this case there is no return made by thejustices as a body. G.
 
 W.
 
 Pegram, Esq., and several others of the justices, unite in making what is termed their return; and Robert 0. Bol-den, Esq., and several other justices, unite in making what, is termed
 
 their refocrn
 
 / so, there are two inconsistent and repugnant returns, neither being, nor purporting to be, in fact, the return of the justices of the County as a body.
 

 There is, in effect, no return, and nothing upon which the Court could rightfully take any action ; consequently, it was error in the Court to proceed and order a peremptory mandamus. The proper course was to direct both of the so-called returns to be withdrawn from the files, and to require the justices to make a return as a body; in analogy to the order directing a “ repleader,” in an ordinary action where, when the pleadings terminate in an immaterial issue, or upon a traverse which is too narrow, the Court directs the parties to begin anew — commencing at the first wrong step.
 

 •The order appealed from must be reversed, and this opinion will be certified, to the end that there may be a proper return, so as to enable the Court to decide the matter in controversy.
 

 It was insisted in the argument, that the case was not properly in this Court; for, that a part of thejustices, only, appealed, which they had no right to do. Thejustices who appealed had been recognised as distinct and several parties to the proceedings, and, as such, were required to make a return, although certain others of the justices had made what is called their return. This destroyed the unity of the action which the nature of the proceeding requires, and entitled these parties to the right of taking an appeal, for the purpose of having corrected the error into which the Court had fallen by
 
 *183
 
 not requiring the return to be made by the justices as a body; by reason of which error all further proceeding in the premises was made impracticable.
 

 Several points were mooted in the interesting argument with which we were favored, that it is not necessary to advert to; but as the case is sent back, it may be well to state the positions that seem to be sustained by the authorities, and our practice :
 

 1st. The return is a waiver of all the objections to the petition and writ, treating it as mesne process, which go to the form, and not to the substance.
 

 2nd. Although, according to .the practice in England, the writ not only sets out distinctly all thatthe party is commanded to do, but also all of the allegations upon which the writ is granted, so as to inform the party to what he is to make return, yet, our practice has been to set out in the writ, only what the party is commanded to do, and to send, with the writ, a copy of the petition, so as to inform the party to what he is to make return. This practice seems to have been borrowed from that of the Courts of Equity in respect to injunctions. Both practices are admissible, but ours commends itself upon the score of convenience, from the fact that, with us, the clerks are not usually skillful enough to frame a writ with the recital of the necessary allegations, and a copy of the petition as a part of the writ, although requiring more writing, is less apt to give rise to mistakes.
 

 3rd. The justices being informally apprised of the writ, may, when convened for the purpose of agreeing upon “ a return, ” as a body, accept service of a writ formally drawn up, or of the writ and a copy of the petition, according to our practice, and in this way save the trouble and expense of a writ for each one of the justices.
 

 Ptct?. Cum AM. Judgment reversed»